

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1361
Re: Opinion No. O-1176, interpretation
of the statutes and appropriations
bill for the Insurance Department.

This is to acknowledge receipt of your request of August 30th for our opinion construing certain portions of the General Appropriation Bill as the same applies to the Board of Insurance Commissioners.

Your letter reads in part as follows:

"This department has been furnished a copy of your opinion No. O-1176 (interpretation of the statutes and appropriation bill for the insurance department) addressed to the Honorable Walter C. Woodward. In order to properly carry out the purpose and intent of the appropriations interpreted therein I respectfully request your consideration of the seemingly confusing points set out below.

"The paragraph beginning at the botton of page 12 of the opinion No. O-1176 states:

"'In view of our answer to the questions as given, we do not think it amiss to state we note no prohibition that the various items mentioned in the Agents' License Division may not be paid from the state's general fund even though the Agents' License fees appropriated in the rider to the general appropriation bill do not suffice to pay same. There is no language in the rider restricting the division solely to the use of the fees there mentioned.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, Page 2

"Is it not reasonable to consider this portion of your opinion to be in conflict with the following riders appended to the appropriations for the Board of Insurance Commissioners in Senate Bill 427, Acts of the Forty-sixth Legislature:

"'Subject to the limitations set forth in the provisions appearing at the end of this Act, all Agents' License fees collected by virtue of the license laws, shall be deposited in the State Treasury, and are hereby appropriated and may be expended, during the fiscal years ending August 31, 1940 and August 31, 1941, in accordance with the laws of this State for payment of the items listed above...

"'Provided that the foregoing appropriations for the Life Division (except the appropriations for the Examining Division and the Licensing Division which have hereinabove been provided for) shall be paid out of the General Revenue Fund.'

"On page 14 of Opinion O-1176 you point out that the salaries appropriated in Senate Bill 427 for three Mutual Assessment Supervisors and one Mutual Assessment secretary are payable from Mutual Assessment fees appropriated to the insurance department in Senate Bill 135.

"The above salary appropriations are listed in Senate Bill 427 under the Life Division of the insurance department and that divisions' appropriations are expressly payable from the general revenue fund (see rider quoted secondly above).

"Should this Department follow the above paragraph of Opinion O-1176 and set up the appropriations for three Mutual Assessment Supervisors and one secretary to be paid from the Special Mutual Assessment Fund as created by Senate Bill 135?  If so, what will be the status of these salary appropriations after May 12, 1941, the normal expiration date of the appropriation of Mutual Assessment fees made in Senate Bill 135?"

Section 3 of Senate Bill No. 427 on page 150 of the Senate Journal reads as follows:

"Sec. 3. It is further provided that in the event the statutes of the State of Texas provide that any amount, fees or funds herein appropriated to be paid out of local or special fees or funds, that the same be so paid out of said local or special fees or funds instead of being paid out of the General Revenue Fund."

Section 35 of Senate Bill No. 135 as passed by the 46th Legislature reads as follows:

"All fees paid to the Board of Insurance Commissioners by all associations regulated by this Act shall be and the same are here and now appropriated for the balance of the fiscal year ending August 31st, 1939, to the use and benefit of the Life Insurance Division of the Board of Insurance Commissioners, to be used by the Life Insurance Commissioner for the purpose of enforcing and carrying out the provisions of this Act and other laws relating to the regulation and supervision of such association; provided, however, that thereafter such fees shall be expended under such limitations as the Legislature may designate in the general departmental appropriation bill; such fees to be deposited in the State Treasury as a special fund to be used as and for the purposes aforesaid and are here and now appropriated for such purposes and all laws or parts of laws to the contrary are here and now expressly repealed to the extent of such conflict only."

The effect of the second portion of Senate Bill 427 above quoted is to provide that the appropriations for the Life Division shall be paid out of the General Revenue Fund, and the appropriations for the Examining Division and the Licensing Division shall be paid as thereinabove provided. Senate Bill 135, as passed by the 46th Legislature, provides for the use of fees paid to the Board of Insurance Commissioners by all associations regulated by the Act by the Life Insurance Division for the purpose of enforcing and carrying out the provisions of such Act and other laws relating to the regulation and supervision of such associations.

We understand that the three Mutual Assessment Supervisors and one Mutual Assessment Secretary, appropriations for which are provided for the Life Division in Senate Bill 427, are employees whose duty it is to enforce and carry out the provisions of Senate Bill 155 and other laws relating to the regulation and supervision of associations covered by such Act.

It follows that by virtue of the provisions of Section 3 of the general rider appended to Senate Bill 427, above quoted, the fees provided by Senate Bill 135 should be applied toward the payment of the salaries of the three Mutual Assessment Supervisors and one Mutual Assessment Secretary to the extent that they are available, before resort may be had to the General Revenue Fund. See Opinion No. O-1360, attached hereto for your information. Although May 12, 1941, would be the normal expiration date of the appropriation of fees made in and by Senate Bill 135, supra, Section 3 of Senate Bill 427, as above quoted, effectively prescribes the use which may be made of such fees and is sufficient in and of itself as an appropriation, considered in connection with the dedication of such fees found in Senate Bill 135, to require the application of such fees toward the purposes and expenses for which they are available, during the current fiscal biennium.

You are, therefore, respectfully advised that it is the opinion of this department that you should apply the fees collected by the Board of Insurance Commissioners from associations regulated by Senate Bill 135 toward the payment of the appropriations made for the three Mutual Assessment Supervisors and one Mutual Assessment Secretary, before resorting to the General Revenue Fund for the payment of such appropriations, and that the General Revenue Fund may not be resorted to for payment of such appropriations unless such fees are insufficient to pay such appropriations fully, in which event the deficiency may be made up from the General Revenue Fund.

You are further advised that in view of the rider appended to the appropriation for the Board of Insurance Commissioners in Senate Bill 427, above quoted, it is the opinion of this department that the various items mentioned in the Agents' License Division cannot be paid from the State's General Revenue Fund, and our Opinion No. O-1176, heretofore rendered, is amended and modified to this extent.

Hon. George H. Sheppard, Page 5.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *R W Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED NOV 22, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS